IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-2598 ) |
| KRUCIAL STAFFING, LLC, | ) ) ) |
| Serve: Spenserv, Inc. <br> 6201 College Blvd., Suite 500 <br> Overland Park, KS 66211 | ) ) ) ) |
| and | ) ) |
| BRIAN MICHAEL CLEARY V, | ) ) |
| Serve: 16441 Cody St. <br> Overland Park, KS 66221 | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff National Liability & Fire Insurance Company ("NLF"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, respectfully seeks a declaratory judgment against Defendants Krucial Staffing, LLC ("Krucial") and Brian Michael Cleary V ("Cleary"), for the purpose of determining a question of actual, immediate controversy between the parties. In furtherance of this request, NLF states as follows:

### Nature of Action and Relief Sought

1. This is an action for declaratory relief under 28 U.S.C. § 2201 for the purpose of determining the parties' rights and obligations, if any, under a worker's compensation and employer's liability insurance policy issued by NLF to Krucial ("the NLF Policy").

2

2. NLF seeks a declaration that it has no duty under the NLF Policy to defend or indemnify Krucial or Cleary with respect to a lawsuit filed against Krucial and Cleary in the United States District Court for the Southern District of New York, captioned *Alexis Allen, et al. v. Krucial Staffing, LLC, et al.*, Case No. 20-cv-2859 (the "Underlying Suit").

3. Krucial purports to have tendered the Underlying Suit to NLF for coverage under the NLF Policy; NLF denies there is coverage under the NLF Policy for the claims against Krucial and Cleary in the Underlying Suit.

4. An actual, immediate controversy exists among the parties as to whether there is coverage under the NLF Policy for the claims against Krucial and Cleary in the Underlying Suit.

5. All necessary and proper parties are before the Court with respect to the matters in controversy as set forth herein.

6. NLF has no adequate remedy at law.

**Parties**

7. NLF is a foreign insurance company organized and existing under the laws of Connecticut, with its principal place of business in Nebraska, and it is therefore a citizen of Connecticut and Nebraska. NLF is licensed to conduct insurance business in Kansas.

8. Krucial is a limited liability company organized and existing under the laws of Kansas, with its members domiciled in Kansas, Missouri, Nevada, and South Dakota, and it is therefore a citizen of each of those states.

9. Cleary, the CEO of Krucial, is a citizen of Kansas.

**Jurisdiction & Venue**

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Krucial and Cleary because they are citizens of, and at home in, Kansas.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Krucial and Cleary reside in Kansas.

**The Underlying Suit**

13. On October 9, 2020, Alexis Allen, Latricia Hickenbottom, Jalen Eaton, Nancy Torres, Jose Pinlac, Aimée Branch, and Brandon Burr (collectively, "Underlying Plaintiffs") filed a Second Amended Complaint in the Underlying Suit, naming Krucial and Cleary as defendants.

14. Underlying Plaintiffs are healthcare workers allegedly deployed by Krucial to New York in response to the COVID-19 pandemic.

15. The Second Amended Complaint asserts nine causes of action: (1) breach of contract; (2) quasi contract – reliance on a promise; (3) statutory retaliation claim under New York Labor Law § 741; (4) breach of contract implied-in-law; (5) fraud; (6) conversion; (7) defamation; (8) intentional tort causing mental and physical pain and suffering; and (9) wage theft.

**The NLF Policy**

16. NLF issued the NLF Policy to named insured Krucial, with policy number of N9WC095712 and policy period of June 1, 2019, to June 1, 2020. A true and correct copy of the NLF Policy is attached hereto as **Exhibit A** and incorporated by reference.

3

17. Section B ("Who is Insured") of the General Section of the NLF Policy provides: "You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees."

18. Part One of the NLF Policy provides workers compensation insurance and states that NLF "will pay promptly when due the benefits required of [Krucial] by the workers compensation law" and that NLF has "the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance."

19. Part Two of the NLF Policy provides employers liability insurance that "applies to bodily injury by accident or bodily injury by disease."

20. Part Two of the NLF Policy further provides that the "bodily injury must arise out of and in the course of the injured employee's employment" by Krucial and such employment "must be necessary or incidental to [Krucial's] work" in Kansas or Texas.

21. Section B ("We Will Pay") of Part Two of the NLF Policy provides: "We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance."

22. Section B ("We Will Pay") of Part Two of the NLF Policy further provides: "The damages we will pay, where recovery is permitted by law, include damages . . . For which [Krucial is] liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee."

23. Section C ("Exclusions") of Part Two of the NLF Policy provides: "This insurance does not cover . . . Bodily injury intentionally caused or aggravated by [Krucial]."

4

24. Section C ("Exclusions") of Part Two of the NLF Policy also provides: "This insurance does not cover . . . Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions."

25. Section D ("We Will Defend") of Part Two of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance."

26. Part Three of the NLF Policy extends the provisions of Part Two of the NLF Policy to Krucial's work in other states, including New York, but only if Krucial is "not insured or [is] not self-insured for such work."

27. Pursuant to Section B ("We Will Pay") of Part Two of the NLF Policy, there is coverage for third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee, but not coverage for claims by injured employees themselves.

28. Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage for bodily injury that is intentionally caused by Krucial.

29. Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage for damages arising out of defamation or termination of any employee, or any personnel practices, policies, acts, or omissions.

30. Pursuant to Part Three of the NLF Policy, there is no coverage for bodily injury arising out of Krucial's work in New York if Krucial is insured by another policy for such work.

5

### Count I – Declaratory Judgment

31. NLF re-alleges and incorporates paragraphs 1 through 30 of this Complaint for Declaratory Judgment as if fully set forth herein.

32. Krucial is the only employer named as an insured in the NLF Policy; Cleary is not a named insured, and Krucial is not a partnership.

33. Because Section B ("Who is Insured") of the General Section of the NLF Policy provides that only an employer named as an insured is an insured under the NLF Policy unless the employer is a partnership (which Krucial is not), there is no coverage under the NLF Policy for Cleary for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

34. Even if Cleary could be considered an insured, the following reasons for non-coverage apply to both Cleary and Krucial.

35. None of the causes of action in the Second Amended Complaint in the Underlying Suit seek workers compensation benefits.

36. Because Part One of the NLF Policy provides coverage only for benefits due under workers compensation law, there is no coverage under Part One of the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

37. The Second Amended Complaint in the Underlying Suit does not assert any third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee, but instead asserts only claims by the injured employees themselves.

38. Because Part Two of the NLF Policy provides coverage for third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee but not for claims by injured employees themselves, there is no coverage under Part

Two of the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

39. The following causes of action in the Second Amended Complaint in the Underlying Suit do not allege bodily injury: breach of contract; quasi contract – reliance on a promise; statutory retaliation claim under New York Labor Law § 741; breach of contract implied-in-law; fraud; conversion; defamation; and wage theft.

40. Because Part Two of the NLF Policy provides coverage only for bodily injury, there is no coverage under the NLF Policy for any of the causes of action listed in paragraph 39.

41. The only claim in the Second Amended Complaint in the Underlying Suit that may allege bodily injury is the eighth cause of action for "intentional tort causing mental and physical pain and suffering," which alleges that Krucial intentionally caused such injuries.

42. Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage under the NLF Policy for bodily injury intentionally caused by Krucial and thus there is no coverage for the eighth cause of action in the Second Amended Complaint in the Underlying Suit, even assuming it alleges bodily injury.

43. Also pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage under the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit because they arise out of "defamation . . . or termination of any employee, or any personnel practices, policies, acts or omissions."

44. Krucial has insurance coverage for the work in New York that is the subject of the Second Amended Complaint in the Underlying Suit through an insurance policy with Federal Insurance Company with a policy number of 8259-6953.

7

45. Pursuant to Part Three of the NLF Policy, there is no coverage under the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit because Krucial has separate applicable insurance coverage through its policy with Federal Insurance Company.

WHEREFORE, NLF prays this Court enter judgment in its favor for a declaration that NLF does not have a duty to defend or indemnify Krucial or Cleary under the NLF Policy with respect to the claims against Krucial and Cleary in the Underlying Suit, for NLF's costs, and for such other and further relief as the Court deems just and proper.

**Trial Location Request**

Pursuant to Local Rule 40.2(a), NLF requests trial be held in Kansas City, Kansas.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Douglas S. Beck*
Douglas S. Beck, #70743
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
dbeck@shb.com

***ATTORNEY FOR PLAINTIFF NLF***