**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> vs.<br><br>KRUCIAL STAFFING, LLC, et al.,<br><br>     Defendants. | Case No. 20-cv-02598-HLT-GEB |

KRUCIAL STAFFING, LLC,

     Counter-Plaintiff,

 vs.

NATIONAL LIABILITY & FIRE INSURANCE COMPANY,

     Counter-Defendant.

**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, BAD FAITH, AND FRAUDULENT MISREPRESENTATION**

   Defendants Krucial Staffing, LLC ("Krucial") and Brian Michael Cleary V ("Cleary") (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Answer to Plaintiff National Liability & Fire Insurance Company's ("NLF") Complaint for Declaratory Judgment.  Except as expressly admitted below, Defendants deny each and every allegation of the Complaint.

**Nature of Action and Relief Sought**

1.     This is an action for declaratory relief under 28 U.S.C. § 2201 for the purpose of determining the parties' rights and obligations, if any, under a worker's compensation and employer's liability insurance policy issued by NLF to Krucial ("the NLF Policy").

**RESPONSE:**  In response to the allegations contained in Paragraph 1, Defendants admit only that NLF has filed a Complaint for declaratory relief in this action and that the Complaint speaks for itself.  Any other allegations in Paragraph 1 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 1.

2.     NLF seeks a declaration that it has no duty under the NLF Policy to defend or indemnify Krucial or Cleary with respect to a lawsuit filed against Krucial and Cleary in the United States District Court for the Southern District of New York, captioned *Alexis Allen, et al. v. Krucial Staffing, LLC, et al.*, Case No. 20-cv-2859 (the "Underlying Suit").

**RESPONSE:**  In response to the allegations contained in Paragraph 2, Defendants admit only that NLF has filed a Complaint for declaratory relief in this action and that the Complaint speaks for itself.  Any other allegations in Paragraph 2 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 2.

3.     Krucial purports to have tendered the Underlying Suit to NLF for coverage under the NLF Policy; NLF denies there is coverage under the NLF Policy for the claims against Krucial and Cleary in the Underlying Suit.

**RESPONSE:**  In response to the allegations contained in Paragraph 3, Defendants admit only that Krucial tendered the Underlying Suit to NLF for defense and that NLF has denied a duty to defend Krucial for the claims in the Underlying Suit.  Defendants are without knowledge of

information sufficient to form a belief as any remaining allegations contained in Paragraph 3 and therefore deny the same.

4.     An actual, immediate controversy exists among the parties as to whether there is coverage under the NLF Policy for the claims against Krucial and Cleary in the Underlying Suit.

**RESPONSE:**  Admit.

5.     All necessary and proper parties are before the Court with respect to the matters in controversy as set forth herein.

**RESPONSE:**  The allegations in Paragraph 5 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 5.

6.     NLF has no adequate remedy at law.

**RESPONSE:**  The allegations in Paragraph 6 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 6.

### Parties

7.     NLF is a foreign insurance company organized and existing under the laws of Connecticut, with its principal place of business in Nebraska, and it is therefore a citizen of Connecticut and Nebraska.  NLF is a licensed to conduct insurance business in Kansas.

**RESPONSE:**  Upon information and belief, Defendants admit the allegations contained in Paragraph 7.

8.     Krucial is a limited liability company organized and existing under the laws of Kansas, with its members domiciled in Kansas, Missouri, Nevada, and South Dakota, and it is therefore a citizen of each of those states.

**RESPONSE:**  Admit.

9.     Cleary, the CEO of Krucial, is a citizen of Kansas.

3

**RESPONSE:**  Admit.

## Jurisdiction & Venue

10.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**RESPONSE:**  Admit.

11.    This Court has personal jurisdiction over Krucial and Cleary because they are citizens of, and at home in, Kansas.

**RESPONSE:**  Admit.

12.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Krucial and Cleary reside in Kansas.

**RESPONSE:**  In response to the allegations contained in Paragraph 12, Defendants admit that Krucial and Cleary reside in Kansas.  Any other allegations in Paragraph 12 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 12.

## The Underlying Suit

13.    On October 9, 2020, Alexis Allen, Latricia Hickenbottom, Jalen Eaton, Nancy Torres, Jose Pinlac, Aimée Branch, and Brandon Burr (collectively, "Underlying Plaintiffs") filed a Second Amended Complaint in the Underlying Suit, naming Krucial and Cleary as defendants.

**RESPONSE:**  Defendants admit that a Second Amended Complaint was filed in the Underlying Suit on October 9, 2020.  Defendants further state that the Second Amended Complaint speaks for itself and deny the allegations contained in Paragraph 13 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

33796943

14.     Underlying Plaintiffs are healthcare workers allegedly deployed by Krucial to New York in response to the COVID-19 pandemic.

**RESPONSE:**  Defendants admit that a Second Amended Complaint was filed in the Underlying Suit on October 9, 2020.  Defendants further state that the Second Amended Complaint speaks for itself and deny the allegations contained in Paragraph 14 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

15.     The Second Amended Complaint asserts nine causes of action: (1) breach of contract; (2) quasi contract – reliance on a promise; (3) statutory retaliation claim under New York Labor Law § 741; (4) breach of contract implied-in-law; (5) fraud; (6) conversion; (7) defamation; (8) intentional tort causing mental and physical pain and suffering; and (9) wage theft.

**RESPONSE:**  Defendants admit that a Second Amended Complaint was filed in the Underlying Suit on October 9, 2020.  Defendants further state that the Second Amended Complaint speaks for itself and deny the allegations contained in Paragraph 15 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

### The NLF Policy

16.     NLF issued the NLF Policy to named insured Krucial, with policy number of N9WC095712 and policy period of June 1, 2019, to June 1, 2020.  A true and correct copy of the NLF Policy is attached hereto as **Exhibit A** and incorporated by reference.

**RESPONSE:**  Admit.

17.     Section B ("Who is Insured") of the General Section of the NLF Policy provides: "You are insured if you are an employer named in Item 1 of the Information Page.  If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees."

5

**RESPONSE:**  Admit.

18.     Part One of the NLF Policy provides workers compensation insurance and states that NLF "will pay promptly when due the benefits required of [Krucial] by the workers compensation law" and that NLF has "the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 18 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 18 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

19.     Part Two of the NLF Policy provides employers liability insurance that "applies to bodily injury by accident or bodily injury by disease."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 19 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 19 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

20.     Part Two of the NLF Policy further provides that the "bodily injury must arise out of and in the course of the injured employee's employment" by Krucial and such employment "must be necessary or incidental to [Krucial's] work" in Kansas or Texas.

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 20 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 20 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

21.     Section B ("We Will Pay") of Part Two of the NLF Policy provides: "We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 21 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 21 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

22.     Section B ("We Will Pay") of Part Two of the NLF Policy further provides: "The damages we will pay, where recovery is permitted by law, include damages . . . For which [Krucial is] liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 22 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 22 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

23.     Section C ("Exclusions") of Part Two of the NLF Policy provides: "This insurance does not cover . . . Bodily injury intentionally caused or aggravated by [Krucial]."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 23 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 23 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

24.     Section C ("Exclusions") of Part Two of the NLF Policy also provides: "This insurance does not cover . . . Damages arising out of coercion, criticism, demotion, evaluation,

reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 24 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 24 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

25.     Section D ("We Will Defend") of Part Two of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 25 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 25 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

26.     Part Three of the NLF Policy extends the provisions of Part Two of the NLF Policy to Krucial's work in other states, including New York, but only if Krucial is "not insured or [is] not self-insured for such work."

**RESPONSE:**  Defendants admit only that the NLF Policy contains the quoted language set forth in Paragraph 26 and further state that the NLF Policy must be read as a whole.  Defendants further state that the NLF Policy speaks for itself and deny the allegations in Paragraph 26 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

27.     Pursuant to Section B ("We Will Pay") of Part Two of the NLF Policy, there is coverage for third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee, but not coverage for claims by injured employees themselves.

**RESPONSE:**  Deny.

28.     Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage for bodily injury that is intentionally caused by Krucial.

**RESPONSE:**  Defendants state that the NLF Policy speaks for itself and deny the allegations in Paragraph 28 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

29.     Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage for damages arising out of defamation or termination of any employee, or any personnel practices, policies, acts, or omissions.

**RESPONSE:**  Defendants state that the NLF Policy speaks for itself and deny the allegations in Paragraph 29 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

30.     Pursuant to Part Three of the NLF Policy, there is no coverage for bodily injury arising out of Krucial's work in New York if Krucial is insured by another policy for such work.

**RESPONSE:**  Defendants state that the NLF Policy speaks for itself and deny the allegations in Paragraph 30 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

**Count I – Declaratory Judgment**

31.     NLF re-alleges and incorporates paragraphs 1 through 30 of this Complaint for Declaratory Judgment as if fully set forth therein.

**RESPONSE:**  Defendants incorporate its responses to the above paragraphs as if more fully set forth herein.

33796943

32.     Krucial is the only employer named as an insured in the NLF Policy; Cleary is not a named insured, and Krucial is not a partnership.

**RESPONSE:**  Admit.

33.     Because Section B ("Who is Insured") of the General Section of the NLF Policy provides that only an employer named as an insured is an insured under the NLF Policy unless the employer is a partnership (which Krucial is not), there is no coverage under the NLF Policy for Cleary for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

**RESPONSE:**  The allegations in Paragraph 33 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 33.

34.     Even if Cleary could be considered an insured, the following reasons for non-coverage apply to both Cleary and Krucial.

**RESPONSE:**  The allegations in Paragraph 34 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 34.

35.     None of the causes of action in the Second Amended Complaint in the Underlying Suit seek workers compensation benefits.

**RESPONSE:**  The allegations in Paragraph 35 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 35.

36.     Because Part One of the NLF Policy provides coverage only for benefits due under workers compensation law, there is no coverage under Part One of the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

**RESPONSE:**  The allegations in Paragraph 36 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 36.

37.    The Second Amended Complaint in the Underlying Suit does not assert any third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee, but instead asserts only claims by the injured employees themselves.

**RESPONSE:**  Defendants admit that a Second Amended Complaint was filed in the Underlying Suit on October 9, 2020.  Defendants further state that the Second Amended Complaint speaks for itself and deny the allegations contained in Paragraph 37 to the extent Plaintiff's paraphrasing of the content of that document is inaccurate or incomplete.

38.    Because Part Two of the NLF Policy provides coverage for third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee but not for claims by injured employees themselves, there is no coverage under Part Two of the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit.

**RESPONSE:**  The allegations in Paragraph 38 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 38.

39.    The following causes of action in the Second Amended Complaint in the Underlying Suit do not allege bodily injury: breach of contract; quasi contract – reliance on a promise; statutory retaliation claim under New York Labor Law § 741; breach of contract implied-in-law; fraud; conversion; defamation; and wage theft.

**RESPONSE:**  The allegations in Paragraph 39 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 39.

40.    Because Part Two of the NLF Policy provides coverage only for bodily injury, there is no coverage under the NLF Policy for any of the causes of action listed in paragraph 39.

11

**RESPONSE:**  The allegations in Paragraph 40 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 40.

41.     The only claim in the Second Amended Complaint in the Underlying Suit that may allege bodily injury is the eighth cause of action for "intentional tort causing mental and physical pain and suffering," which alleges that Krucial intentionally caused such injuries.

**RESPONSE:**  The allegations in Paragraph 41 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 41.

42.     Pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage under the NLF Policy for bodily injury intentionally caused by Krucial and thus there is no coverage for the eighth cause of action in the Second Amended Complaint in the Underlying Suit, even assuming it alleges bodily injury.

**RESPONSE:**  The allegations in Paragraph 42 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 42.

43.     Also pursuant to Section C ("Exclusions") of Part Two of the NLF Policy, there is no coverage under the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit because they arise out of "defamation . . . or termination of any employee, or any personnel practices, policies, acts or omissions."

**RESPONSE:**  The allegations in Paragraph 43 state legal conclusions and thus no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 43.

44.     Krucial has insurance coverage for the work in New York that is the subject of the Second Amended Complaint in the Underlying Suit through an insurance policy with Federal Insurance Company with a policy number of 8259-6953.

**RESPONSE:** The allegations in Paragraph 44 state legal conclusions and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 44.

45.     Pursuant to Part Three of the NLF Policy, there is no coverage under the NLF Policy for any of the causes of action in the Second Amended Complaint in the Underlying Suit because Krucial has separate applicable insurance coverage through its policy with Federal Insurance Company.

**RESPONSE:** The allegations in Paragraph 45 state legal conclusions and thus no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 45.

## AFFIRMATIVE DEFENSES

Defendants, for their additional and further defenses to NLF's Complaint, state as follows:

46.     NLF's Complaint fails to state a claim upon which relief can be granted.

47.     NLF's claims and/or defenses are barred by waiver, estoppel, laches, and unclean hands.

48.     Defendants reserve the right to assert such other and further affirmative defenses of which they subsequently learn through discovery or otherwise.

**WHEREFORE,** having fully answered Plaintiff National Liability & Fire Insurance Company's Complaint for Declaratory Judgment, Defendants pray that the Court (a) deny the relief requested by NLF in its Complaint; (b) declare that NLF has a duty to pay Defendants all sums to which they are entitled under the Policy in connection with the Underlying Lawsuit; (c) award Defendants their costs, expenses, and attorneys' fees incurred herein, including pursuant to K.S.A. § 40-256 and/or *Farm Bureau Mut. Ins. Co. v. Kurtenbach By and Through Kurtenbach,* 961 P.2d 53 (Kan. 1998); and (d) grant Defendants such other and further relief as the Court deems just and proper.

13

**JURY TRIAL DEMAND**

Defendants request a jury trial on all issues so triable by jury.

**COUNTER-PLAINTIFF KRUCIAL STAFFING, LLC COUNTERCLAIMS FOR
DECLARATORY JUDGMENT, BREACH OF CONTRACT,
FRAUDULENT MISREPRESENTATION AND BAD FAITH**

COMES NOW Defendant/Counter-Plaintiff Krucial Staffing, LLC ("Krucial"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 2201, and for its Counterclaims against Plaintiff/Counter-Defendant National Liability & Fire Insurance Company ("NLF"), hereby states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Krucial is a limited liability company organized and existing under the laws of Kansas, with its members domiciled in Kansas, Missouri, Nevada, and South Dakota, and it is therefore a citizen of each of those states.

2.      NLF is a foreign insurance company organized and existing under the laws of Connecticut, with its principal place of business in Nebraska, and it is therefore a citizen of Connecticut and Nebraska.  NLF is a licensed to conduct insurance business in Kansas.

3.      NLF is subject to personal jurisdiction in this District, and subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds that it consents to the Court's jurisdiction, regularly conducts or solicits business in the state of Kansas, engages in other persistent courses of conduct in the state of Kansas, and/or derives substantial revenue from the sale of goods and services to persons or entities in the state of Kansas.

4.      The United States District Court for the District of Kansas maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy

14

33796943

exceeds $75,000 exclusive of interests and costs, and the action is between citizens of different states.

5.      The United States District Court for the District of Kansas maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 2201(a), because this action seeks the judicial declaration of the rights, statuses, and legal relations of and among the parties with regard to contracts of insurance and because an actual case or controversy of a justiciable nature exists among the parties.

6.      Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) and 1391(b)(3).

## FACTUAL ALLEGATIONS

7.      This is an insurance coverage action for declaratory judgment, breach of contract, bad faith, and fraudulent misrepresentation.  Krucial brings this counterclaim against NLF because it has wrongfully and in bad faith breached its duty to defend Krucial in the case *Alexis Allen, et al. v. Krucial Staffing, LLC, et al.*, Case No. 20-cv-2859, filed in the Southern District of New York (the "Underlying Suit").

8.      Krucial is a crisis-management staffing company that provides temporary healthcare workers to hospitals and medical facilities during emergencies to assist with disaster relief and recovery.

9.      In early 2020, Krucial deployed a number of healthcare workers to New York City to assist certain hospitals with their surge of COVID-19 patients.

10.      On April 6, 2020, Alexis Allen, along with two other healthcare workers that had previously accepted one of Krucial's New York City staffing assignments, filed the Underlying Suit against Krucial and its CEO, Brian Michael Cleary, seeking damages for, among other things,

15

contracting COVID-19.  The Complaint was amended on April 15, 2020 and again on October 9, 2020, to include additional plaintiffs and causes of action

11. Krucial tendered the matter to NLF (also known as "biBERK" as this is NLF's parent company) on April 1, 2020 (before it was even filed) under NLF's Worker's Compensation/Employers Liability Insurance Policy, Policy No. N9WC095712, effective from June 1, 2019 to June 1, 2020 (the "NLF Policy").

12. Krucial again tendered the Underlying Suit on May 21, 2020 to NLF claims-handler Stephen Sulcoski.  *See* May 21, 2020 Email from Alexander Brown to Stephen.Sulcoski@biberk.com ("Hi Stephen: The above-referenced claim was tendered to biberk on 4/1/2020.  I am attaching a copy of the operative amended complaint…. Can you please let me know when biberk will be issuing a coverage position on this lawsuit?").

13. Hearing no response from NLF, Krucial again tendered the Underlying Suit for defense on May 26, 2020.  *See* May 26, 2020 Email from Alexander Brown to claims@biberk.com ("Please acknowledge my correspondence and that you will be providing a coverage opinion for this claim.  Thank you.")

14. Hearing no response from NLF, Krucial again tendered the Underlying Suit on October 13, 2020.  *See* October 13, 2020 Email from Alexander Brown to Stephen.Sulcoski@biberk.com, customerservice@biberk.com, and claims@biberk.com ("Hello: We have tendered this lawsuit multiple times to biberk in multiple ways, but we have yet to receive a coverage position.  To avoid coverage litigation, please confirm you will be providing a coverage opinion immediately.  I am attaching an updated complaint filed this week.").

15. Hearing no response from NLF, Krucial again tendered the Underlying Suit via email on October 21, 2020, and also had the broker Lockton tender the lawsuit directly to NLF,

16

and also tendered the lawsuit through NLF's self-reporting interface for worker's compensation claims.

16.     Krucial received no response or even acknowledgement of the tender until November 25, 2020, the date that NLF filed this lawsuit and simultaneously issued a denial letter dated November 25, 2020.

17.     NLF's failure to acknowledge the tender of coverage for more than 7 months is bad faith as a matter of law.

18.     Incredibly, NLF now says that its Employers Liability Insurance ("ELI") coverage—which is offered by NLF and procured by employers (such as Krucial) for the nearly singular purpose of protecting employers against bodily injury claims brought by their employees—does not apply to bodily injury claims brought by employees against their employers. *See* NLF's Complaint, ¶¶ 27 and 38 ("[T]here is coverage for third-party claims against Krucial to recover damages claimed against the third-party as a result of injury to a Krucial employee, but not coverage for claims by injured employees themselves.").  This is a perverse reading of the Policy and constitutes bad faith as a matter of law.

19.     Alternatively, if the Court finds that NLF's reading of the Policy as (set forth in ¶¶ 27 and 38 of NLF's Complaint) is true and not perverse, then NLF is liable for fraudulent misrepresentation as the ELI coverage was marketed by NLF and procured by Krucial to provide coverage for claims by injured employees against Krucial.  In fact, here is a screenshot from NLF's own website clearly advertising its ELI coverage as providing protection to the employer for lawsuits if an employee should sue for bodily injury:

33796943



*See* https://www.biberk.com/small-business-insurance/workers-compensation-coverage.

## COUNT I—BREACH OF CONTRACT

20.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

21.     NLF is obligated to pay for Krucial's defense of the Underlying Suit under the terms of the NLF Policy.

22.     NLF has refused to accept its legal obligations to pay for a defense of the Underlying Suit.

23.     In so doing, NLF has materially breached its duties and obligations under the NLF Policy.

24.     As a direct and proximate result of NLF's misconduct, NLF has deprived Krucial of the benefit of insurance coverage for which substantial premiums were paid and has thus damaged Krucial.

33796943

## COUNT 2—DECLARATORY JUDGMENT

25.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

26.     A controversy has arisen between Krucial and NLF as to their respective rights and duties under the NLF Policy.

27.     Specifically, NLF must pay for Krucial's entire defense of the Underlying Suit.

28.     A judicial determination as to NLF's duty to defend is necessary and appropriate at this time.

## COUNT 3—BAD FAITH

29.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

30.     K.S.A. § 40–256 provides in pertinent part as follows:

[I]n all actions hereafter commenced, in which judgment is rendered against any insurance company, ... if it appears from the evidence that such company ... has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action....

31.     Here, NLF's bad faith conduct—including its failure to response to tender of the Underlying Suit for over 7 months, its perverse reading of the Policy, and its refusal to pay for the defense of the Underlying Suit—is "without just cause of excuse" entitling Krucial to attorneys' fees in this Coverage Action.

## COUNT 4—FRAUDULENT MISREPRESENTATION

32.     Krucial realleges and incorporates by reference all previous allegations as though set forth fully herein.

33.     The elements of fraudulent misrepresentation include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or recklessly made with disregard for the truth, where (4) another party justifiably relies on the statement, and (5) acts to his or her injury and damage.

34.     Here, NLF expressly makes representations to its customers (including Krucial) that its Employers Liability policies protect employers from bodily injury lawsuits brought by employees.

35.     According to NLF's denial of coverage, these representations were false as they now say their Employers Liability policies do not actually provide "coverage for claims by injured employees themselves."

36.     NLF's representations were made with the intent to deceive or with reckless disregard for the truth to induce customers, like Krucial, into procuring NLF's Employers Liability policies to protect against bodily injury lawsuits brought by employees.

37.     Krucial justifiably relied on NLF's statements and paid NLF substantial premium to insure Krucial against bodily injury and lawsuits brought by its employees.

38.     Now, only after Krucial has been sued by its employees for bodily injuries, does NLF contend its Policies do not actually provide "coverage for claims by injured employees themselves."

39.     Had Krucial known that NLF's Employer Liability policies did not actually provide coverage for lawsuits by employees against their employers (which is the principal if not exclusive reason why employer liability policies are purchased), then Krucial would not have bought the coverage through NLF and would have secured coverage with a different insurer.

40.     As a direct result of the false and fraudulent statements described above, NLF has deprived Krucial of the benefit of insurance coverage and caused Krucial injury and damage, including consequential, special, and incidental damages.

## REQUEST FOR RELIEF

WHEREFORE, Counter-Plaintiff Krucial Staffing, LLC demands judgment in its favor and against Counter-Defendant National Liability & Fire Insurance Company as follows:

(a) Actual damages in an amount that is fair and reasonable;

(b) Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law;

(c) Attorneys' fees and costs associated with this action under K.S.A. § 40-256 and/or *Farm Bureau Mut. Ins. Co. v. Kurtenbach By and Through Kurtenbach,* 961 P.2d 53 (Kan. 1998);

(d) Consequential, special, incidental, and punitive damages; and

(e) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Counter-Plaintiff requests a jury trial on all issues so triable by jury.

33796943

DATED this 15th day of February, 2021.

Respectfully submitted,

LATHROP GPM LLP

By: /s/ *Alexander T. Brown*
Alexander T. Brown  Bar No. 78891
Noah H. Nash (admitted *pro hac vice*)
2345 Grand Boulevard, Ste. 2200
Kansas City, MO 64108-2618
(816) 292-2000 / (816) 292-2001 FAX
alexander.brown@lathropgpm.com
noah.nash@lathropgpm.com

**Attorneys for Defendant/Counter-Plaintiff Krucial Staffing, LLC and Defendant Brian Michael Cleary V**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas on the 15th of February, 2021, with notice of the case activity generated and sent to counsel of record.

<u>/s/ *Alexander T. Brown*                    </u>
One of the Attorneys for Defendants

23

33796943