IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KRUCIAL STAFFING, LLC,<br><br>and<br><br>BRIAN MICHAEL CLEARY V,<br><br>Defendants.<br>------------------------------------------------<br>KRUCIAL STAFFING, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>NATIONAL LIABILITY & FIRE INSURANCE COMPANY,<br><br>Counter-Defendant.<br>------------------------------------------------ | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-02598-HLT-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
COUNT IV OF KRUCIAL STAFFING, LLC'S COUNTERCLAIMS**

Plaintiff National Liability & Fire Insurance Company ("NLF") submits this Memorandum in Support of its Motion to Dismiss Count IV of Krucial Staffing, LLC's Counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

I.  **NATURE OF THE MATTER**

This is a declaratory judgment action brought by NLF concerning coverage under an insurance policy issued to Defendant Krucial Staffing, LLC ("Krucial"). In response to NLF's Complaint for Declaratory Judgment, Krucial asserted several counterclaims against NLF,

including its Count IV for fraudulent misrepresentation. NLF's Motion to Dismiss seeks dismissal of this Count IV because Krucial fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Specifically, Krucial does not state a legally cognizable claim for fraudulent misrepresentation under Kansas law. Further, even if Krucial's claim were theoretically cognizable, which it is not, Krucial nonetheless fails to state a plausible claim for fraudulent misrepresentation, as Krucial does not plead any factual allegations in support of such a claim. In addition, NLF's Motion to Dismiss seeks dismissal of Krucial's Count IV because Krucial does not plead its fraudulent misrepresentation claim with the particularity required by Rule 9(b), in that Krucial has not pleaded the circumstances surrounding any alleged misrepresentation.

## II.     STATEMENT OF THE FACTS

On November 25, 2020, NLF filed its Complaint for Declaratory Judgment against Defendants Krucial and Brian Michael Cleary V ("Cleary"). (Doc. 1). NLF issued a worker's compensation and employer's liability insurance policy to Krucial ("the NLF Policy"). (*Id.* at ¶ 1). NLF's Complaint seeks a declaration that it has no duty under the NLF Policy to defend or indemnify Krucial or Cleary with respect to a lawsuit filed against Krucial and Cleary by healthcare workers allegedly deployed by Krucial to New York ("the Underlying Suit"). (*Id.* at ¶¶ 2, 13, 14). NLF's Complaint asserts the NLF Policy does not provide coverage to Krucial or Cleary for the Underlying Suit because, among other reasons, the express terms of the employer's liability coverage of the NLF Policy do not provide coverage for claims brought by employees, but rather only claims brought by third-parties. (*Id.* at ¶¶ 22, 38).

On February 15, 2021, Krucial filed several counterclaims against NLF, including its Count IV for fraudulent misrepresentation. (Doc. 13, ¶¶ 32–40). Krucial's Count IV alleges that, contrary to the express terms of the NLF Policy, NLF represented "that its Employers Liability

2

policies protect employers from bodily injury lawsuits brought by employees." (*Id.* at ¶ 34). Krucial's Count IV summarily alleges that these unspecified representations were false and that Krucial relied on them. (*Id.* at ¶¶ 35, 37). Notably, however, Krucial does not identify any particular representation that NLF made to Krucial or upon which Krucial relied, when or where such a representation was made, or who on behalf of NLF made such a representation. (*See id.* at ¶¶ 1–40).

### III. QUESTIONS PRESENTED

NLF's Motion to Dismiss presents the following questions: (1) Has Krucial stated a claim upon which relief can be granted on its Count IV for fraudulent misrepresentation pursuant to Rule 12(b)(6)? and (2) Has Krucial pleaded its Count IV for fraudulent misrepresentation with the particularity required by Rule 9(b)? As discussed below, the answer to each question is "no."

### IV. ARGUMENT

#### A. Krucial Fails to State a Claim Upon Which Relief Can Be Granted on its Count IV.

##### 1. Krucial's Count IV does not state a legally cognizable claim.

NLF moves to dismiss Krucial's Count IV for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Dismissal under Rule 12(b)(6) is proper where, as here, the claim at issue is not legally cognizable. *Meier v. Chesapeake Operating L.L.C.*, 778 Fed. App'x 561, 568 (10th Cir. 2019); *Bedenfield v. United Parcel Serv., Inc.*, No. 19-2658-SAC, 2020 WL 707797, at *1 (D. Kan. Feb. 12, 2020).

Krucial's Count IV for fraudulent misrepresentation does not state a legally cognizable claim under Kansas law.[1] The premise of Krucial's fraudulent misrepresentation claim is that NLF

---

[1] In this diversity action, the substantive law of the forum state, Kansas, applies. *Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011).

made representations that NLF's employer's liability policies "protect employers from bodily injury lawsuits brought by employees," but that, in fact, the express terms of the NLF Policy issued to Krucial does not provide such protection from claims brought by employees. (Doc. 13, ¶¶ 34–35). In other words, Krucial alleges fraud because the express terms of the NLF Policy contradict alleged representations made by NLF. No cognizable fraud claim exists in such alleged circumstances.

As a matter of law, where the express terms of a written contract contradict representations made prior to execution of the contract, the prior representations cannot serve as the basis for a fraud claim. *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) (applying Kansas law); *see also Jack Richards Aircraft Sales, Inc. v. Vaughn*, 457 P.2d 691, 696 (Kan. 1969); *Edwards v. Phillips Petrol. Co.*, 360 P.2d 23, 27 (Kan. 1961). A fraud claim is not cognizable in such a situation because the complaining party cannot justifiably rely on the prior representations—the party has a duty to read the contract and is held to know and understand its contents prior to execution. *Flight Concepts*, 38 F.3d at 1157 (affirming grant of summary judgment because "we can find no legal basis for plaintiffs' claims of fraudulent inducement and misrepresentation" where the written contract contradicted the alleged prior misrepresentations); *see also Lee v. Kansas State Univ.*, No. 12-cv-2638-JAR-DJW, 2013 WL 2476702, at *11 (D. Kan. June 7, 2013) (dismissing fraudulent misrepresentation claim because "Plaintiff signed a document that clearly listed Neill in the 'Professor(s) to be removed' column, and her reliance on the statements of other people that she was not removing Department Head Neill was not justifiable in light of the written document she signed."); *Cummings v. LTC, Inc.*, No. 91-2001-GTV, 1993 WL 119668, at *9 (D. Kan. Mar. 5, 1993) (granting summary judgment on plaintiff's fraudulent misrepresentation claims, reasoning "plaintiff's alleged reliance on representations concerning the

4

duration of his employment is simply not justifiable because the representations contradict the parties' integrated employment agreement.").

Such is the case here. Even assuming the express terms of the NLF Policy contradict any prior representations made by NLF, as Krucial alleges, then Krucial is held to have read and understood the terms of the NLF Policy and thus could not have justifiably relied on any representations to the contrary. Krucial, therefore, has not stated a cognizable claim for fraudulent misrepresentation as a matter of law. *See Flight Concepts*, 38 F.3d at 1157; *Lee*, 2013 WL 2476702, at *11; *Cummings*, 1993 WL 119668, at *9. For this reason alone, Krucial's Count IV should be dismissed for failure to state a claim upon which relief can be granted.

### 2. Krucial's Count IV does not state a plausible claim for fraudulent misrepresentation.

Even if Krucial's Count IV were theoretically cognizable, which it is not, Krucial has nonetheless failed to plead sufficient facts to state a plausible claim for fraudulent misrepresentation. To survive a Rule 12(b)(6) motion to dismiss, Krucial's Count IV "must allege sufficient facts to state a claim for relief plausible on its face." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). This means Krucial "must offer sufficient factual allegations to raise a right to relief above the speculative level." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotations omitted). "While specific facts are not necessary, **some** facts are." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (internal alteration and citation omitted) (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim for relief." *Gorenc v. Klaasen*, 421 F. Supp. 3d 1131, 1143 (D. Kan. 2019). "Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). "An allegation is conclusory where it states an inference without

stating underlying facts or is devoid of any factual enhancement." *Id.* "Conclusory allegations are not entitled to the assumption of truth." *Id.* (internal quotations omitted).

The ***only*** "fact" that Krucial pleads in support of its fraudulent misrepresentation claim[2] is a purported screenshot from a website that Krucial alleges advertises employer's liability insurance "as providing protection to the employer for lawsuits if an employee should sue for bodily injury."[3] (Doc. 13, ¶ 19). This "fact," however, does not suffice. Krucial does not allege that it ever saw the contents of this screenshot prior to agreeing to the terms of the NLF Policy, let alone that it relied upon the contents of this screenshot when agreeing to the terms of the NLF Policy. (*See id.*). In the absence of such allegations, this screenshot is irrelevant and cannot support a fraud claim. *See Atkins v. Heavy Petrol. Partners, LLC*, 86 F. Supp. 3d 1188, 1202 (D. Kan. 2015) ("A key element of a fraud claim is a misrepresentation made *to the injured party*. A fraud claim is not actionable if the misrepresentation was made to a third party."); *Nichols v. Kan. Political Action Comm.*, 11 P.3d 1134, 1146 (Kan. 2000) (holding party failed to plead fraud claim where there was no allegation that the party relied on the subject representation).

Moreover, this screenshot does not say anything about the express terms of the NLF Policy ***itself***—as opposed to employer's liability insurance in general—nor does Krucial suggest otherwise. (*See* Doc. 13, ¶ 19). In fact, the screenshot does not even mention NLF, and the website is not specific to NLF. (*See id.*). Thus, the screenshot makes no representation whatsoever about

---

[2] "Elements of a fraudulent misrepresentation claim include (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or recklessly made with disregard for the truth, where (4) another party justifiably relies on the statement, and (5) acts to his or her injury and damage." *Paper, Allied, Chem. & Energy Workers Int'l Union, Local 5-508, AFL—CIO v. Slurry Explosive Corp.*, 107 F. Supp. 2d 1311, 1328 (D. Kan. 2000).

[3] Out of the nine causes of action in the Underlying Suit asserted against Krucial, the only one that may allege "bodily injury" is the eighth cause of action for "intentional tort causing mental and physical pain and suffering." As alleged by NLF, however, there are ***several*** reasons precluding coverage under the NLF Policy for this eighth cause of action—only one of which is that the employer's liability coverage of the NLF Policy does not provide coverage for claims brought by injured employees. (Doc. 1, ¶¶ 33–45).

NLF or the NLF Policy and cannot support a fraud claim by Krucial.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.").

Aside from the screenshot, Krucial does not attempt to plead any other facts in support of its Count IV for fraudulent misrepresentation.  Rather, the remainder of Krucial's allegations regarding Count IV are nothing more than threadbare recitals of the elements of fraudulent misrepresentation, along with conclusory assertions that are devoid of any underlying facts.  (Doc. 13, ¶ 32–40).  Such allegations cannot satisfy Krucial's burden to plead a plausible claim for fraudulent misrepresentation.  *See Brooks*, 985 F.3d at 1281.  For this additional reason, Krucial's Count IV should be dismissed for failure to state a claim upon which relief can be granted.

**B. Krucial Fails to Plead Count IV with Particularity.**

In addition to failing to plead either a legally cognizable claim or a plausible claim on its Count IV for fraudulent misrepresentation, Krucial also fails to plead Count IV with particularity. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." "The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill." *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 571 (D. Kan. 2004).  "To survive a motion to dismiss, an allegation of fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1156 (D.

7

Kan. 2007) (internal quotations omitted). "In other words, the plaintiff must set out the who, what, where, and when of the alleged fraud." *Id.* (internal quotations omitted).

Krucial does not plead *any* of these required circumstances in support of its Count IV, let alone all of them. To begin with, Krucial does not identify the "what" of its fraudulent misrepresentation claim. As discussed above, the only representation pleaded by Krucial is a purported screenshot regarding unspecified employer's liability insurance. (Doc. 13, ¶ 19). Krucial, however, does not allege that it actually saw or relied on the contents of this screenshot when agreeing to the terms of the NLF Policy. (*See id.*). Krucial merely pleads that the screenshot exists, not that it is the subject representation underlying Krucial's fraudulent misrepresentation claim. (*See id.*). At most, Krucial has merely identified the subject of an alleged representation (coverage under employer's liability policies), but not the actual representation itself. This is not sufficient to plead the "what" of a fraud claim. *See Jamieson*, 473 F. Supp. 2d at 1157.

Further, it is indisputable that Krucial does not plead the "who," "where," or "when" of any representation, either. While Krucial broadly alleges "NLF expressly makes representations," (Doc. 13, ¶ 34), a general reference to a corporate entity such as this does not suffice to plead the "who" for a fraud claim. *Near v. Crivello*, 673 F. Supp. 2d 1265, 1284 (D. Kan. 2009); *Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp. 2d 1146, 1154 (D. Kan. 2006); *Arena*, 221 F.R.D. at 572. Rather, Krucial "must identify the particular individual or individuals who made the misrepresentations" on behalf of NLF. *Regal Ware*, 653 F. Supp. 2d at 1154; *see also Gottstein v. Nat'l Ass'n for Self Employed*, 53 F. Supp. 2d 1212, 1218 (D. Kan. 1999) ("In the context of corporate defendants, plaintiffs must identify the specific individuals who made the alleged misrepresentations."). Krucial has not done that. As for the "where" or "when," Krucial does not

include any allegations even remotely touching upon these required circumstances. (Doc. 13, ¶¶ 32–40).

Accordingly, Krucial fails to plead the "what," "who," "where," and "when" of the alleged misrepresentation by NLF. Any or all of these pleading failures warrant dismissal of Krucial's Count IV for failure to plead a fraudulent misrepresentation claim with the particularity required by Rule 9(b). *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000).

## V.     CONCLUSION

For the foregoing reasons, NLF respectfully requests this Court dismiss Krucial's Count IV for fraudulent misrepresentation.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Douglas S. Beck*
   Douglas S. Beck, #70743
   W. Clark Richardson, #27740
   2555 Grand Boulevard
   Kansas City, Missouri 64108-2613
   Telephone: 816-474-6550
   Facsimile: 816-421-5547
   dbeck@shb.com
   wrichardson@shb.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Douglas S. Beck*
ATTORNEY FOR PLAINTIFF