UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

      Plaintiff,

v.               Case No. 20-2598-KHV-GEB

KRUCIAL STAFFING, LLC, et al.,

      Defendants.

## SCHEDULING ORDER

On April 12, 2021, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, W. Clark Richardson. Defendants appeared through counsel, Alexander Brown and Noah Nash.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

1.	**Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would not be enhanced by use of early mediation, but formal mediation is ordered. By **August 27, 2021**, <u>unless</u> the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office. Mediation is ordered. Absent further order of the court, mediation must be held no later than **September 30, 2021**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

**2.      Discovery.**

a.      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served, and in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.      All discovery in this case must be commenced or served in time to be completed by **February 25, 2022**. Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be

determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **August 27, 2021**, and by defendant by **October 29, 2021**; disclosures and reports by any rebuttal experts must be served by **December 17, 2021**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are likely not appropriate in this case.

e. The parties do not anticipate any discovery problem(s) to be raised by one or more of the parties.

f. Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

> The parties agree that all information produced by either party shall initially be produced in .PDF format with all produced documents Bates-labeled, and that the producing party will preserve the native format documents. In the event either party wishes to review a document in native format or associated metadata, the party will notify the other party in writing and identify the specific document by Bates number. The parties will then confer in good faith regarding the availability of the requested data and any expenses associated with the production of such information.
>
> Prior to any party conducting searches of email, the parties will attempt to agree on custodians and search terms. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence of such information and the expenses associated with confirming the existence or nonexistence of such information.

g. Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that inadvertent production of privileged material does not waive the attorney-client privilege or work-product protection. If the producing party discovers that it inadvertently produced any information subject to the attorney-client privilege or work-product protection, the producing party shall inform the receiving party of such inadvertent disclosure and the receiving party shall promptly return the privileged material to counsel for the producing party. If there is a disagreement regarding the privilege or protection, the information shall be segregated and maintained confidentially by the receiving party until the Court rules on the producing party's claim regarding the privilege or protection.

  h. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

  1. Counsel for the parties shall attempt to resolve any discovery disputes by phone or in-person conference.

  2. The parties agree to discuss in good faith the dates for depositions before filing notices for depositions or deposition subpoenas and will endeavor to schedule depositions by agreement.

  3. The parties agree that papers will be served by email on counsel for Plaintiff and Defendant.

  i. No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

  j. No more than 7 depositions may be taken by plaintiff, and no more than 7 depositions may be taken by defendant. Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  k. Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **April 30, 2021**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

  *Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **May 14, 2021**.

l. The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m. The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy,

and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

    a.     Plaintiff has filed a motion to dismiss count four of Defendant Krucial's fraudulent misrepresentation counter-claim (ECF No. 18). Defendant Krucial has indicated it may file a motion to transfer venue. Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties are not expected to be filed.

    b.     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **July 30, 2021**.

    c.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 22, 2022**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **April 22, 2022**.

f. **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.**

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery**

10

**disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.     Pretrial Conference, Trial, and Other Matters.**

a. The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b. At this time, the parties do not request a status conference before the pretrial conference. Both parties reserve their right to request such a conference should issues arise in the future.

      c.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **March 25, 2022** at **10:00 a.m.**; this pretrial conference will be conducted by telephone unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **March 18, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *[Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases](#)*.

      d.      The parties expect the jury trial of this case to take approximately 3 trial days. This case will be tried in **Kansas City**, Kansas. This case is set for trial on the court's docket beginning on **December 5, 2022**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that

any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

  e.  The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

  f.  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 12, 2021, at Wichita, Kansas.

              _____
              GWYNNE E. BIRZER
              U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | ------ |
| Defendant's settlement counter-proposal | ------ |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 8/27/21 |
| Mediation completed | 9/30/21 |
| ADR report filed by Defendant | **14 days after mediation** |
| Supplementation of initial disclosures | **Per rule and 40 days prior to discovery close** |
| All discovery completed | 2/25/22 |
| Experts disclosed by plaintiff | 8/27/21 |
| Experts disclosed by defendant | 10/29/21 |
| Rebuttal experts disclosed | 12/17/21 |
| Physical and mental examinations | 8/27/21 |
| Jointly proposed protective order submitted to court | 4/30/21 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 5/14/21 |
| Motions to dismiss | N/A |
| Motions to amend | 7/30/21 |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 4/22/22 |
| Comparative fault identification | N/A |
| Status conference | None requested |
| Proposed pretrial order due | 3/18/22 |
| Pretrial conference | 3/25/22 at 10:00 a.m. |
| Trial; ETT; | 12/5/22; KC; ETT: 3 days |