IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-cv-02598-HLT-GEB<br>) |
| KRUCIAL STAFFING, LLC, | )<br>) |
| and | )<br>) |
| BRIAN MICHAEL CLEARY V, | )<br>) |
| Defendants. | ) |
| ------------------------------------------------------ | ) |
| KRUCIAL STAFFING, LLC, | )<br>) |
| Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Counter-Defendant. | ) |
| ------------------------------------------------------ | ) |

**MEMORANDUM IN SUPPORT OF NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNT I**

Plaintiff National Liability & Fire Insurance Company ("NLF") respectfully requests this Court grant its Motion for Summary Judgment on its Count I and enter judgment declaring that NLF does not have a duty to defend or indemnify Krucial Staffing, LLC or Brian Michael Cleary V under the NLF Policy with respect to the claims against them in the Underlying Suit. Pursuant to Local Rule 56.1(a), NLF provides this Memorandum in Support of its Motion for Summary Judgment.

## I.  STATEMENT OF UNCONTROVERTED MATERIAL FACTS

### The NLF Policy

1. NLF issued a workers compensation and employers liability insurance policy to named insured Krucial Staffing, LLC ("Krucial") at Krucial's address in Overland Park, Kansas, with policy number of N9WC095712 and policy period of June 1, 2019, to June 1, 2020 (the "NLF Policy"). **Exhibit A**, NLF Policy, p. 3; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 16.

2. Section B ("Who is Insured") of the General Section of the NLF Policy provides: "You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees." **Exhibit A**, NLF Policy, p. 32; **Exhibit E**, Defendants' Answer to Compl. for Dec. J.  (Doc. #13), ¶ 17.

3. Krucial is the only employer named as an insured in the NLF Policy; Brian Michael Cleary V ("Cleary") is not a named insured, and Krucial is not a partnership. **Exhibit A**, NLF Policy, p. 3; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 32.

4. Part One of the NLF Policy provides workers compensation insurance and states that NLF "will pay promptly when due the benefits required of [Krucial] by the workers compensation law" and that NLF has "the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance." **Exhibit A**, NLF Policy, p. 32; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 18.

5. Section C of Part One of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance." **Exhibit A**, NLF Policy, p. 32.

6. Part Two of the NLF Policy provides employers liability insurance that "applies to bodily injury by accident or bodily injury by disease." **Exhibit A**, NLF Policy, p. 33; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 19.

7. Part Two of the NLF Policy further provides that the "bodily injury must arise out of and in the course of the injured employee's employment" by Krucial and such employment "must be necessary or incidental to [Krucial's] work" in Kansas or Texas. **Exhibit A**, NLF Policy, p. 3, 33 (including Information Page); **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 20.

8. Section B ("We Will Pay") of Part Two of the NLF Policy provides: "We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance." **Exhibit A**, NLF Policy, p. 33; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 21.

9. Section B ("We Will Pay") of Part Two of the NLF Policy states: "The damages we will pay, where recovery is permitted by law, include damages: 1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee; 2. For care and loss of services; and 3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and 4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer." **Exhibit A**, NLF Policy, p. 33–34.

10. Section C ("Exclusions") of Part Two of the NLF Policy provides: "This insurance does not cover . . . Bodily injury intentionally caused or aggravated by [Krucial]." **Exhibit A**, NLF Policy, p. 34; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 23.

11. Section C ("Exclusions") of Part Two of the NLF Policy also provides: "This insurance does not cover . . . Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions." **Exhibit A**, NLF Policy, p. 34; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 24.

12. Section D ("We Will Defend") of Part Two of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance." **Exhibit A**, NLF Policy, p. 34; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 25.

13. Part Three of the NLF Policy extends the provisions of Part Two of the NLF Policy to Krucial's work in other states, including New York, but only if Krucial is "not insured or [is] not self-insured for such work." **Exhibit A**, NLF Policy, p. 35; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 26.

### The Underlying Suit

14. On October 9, 2020, Alexis Allen, Latricia Hickenbottom, Jalen Eaton, Nancy Torres, Jose Pinlac, Aimée Branch, and Brandon Burr (collectively, "Underlying Plaintiffs") filed a Second Amended Complaint in the United States District Court for the Southern District of New York, captioned *Alexis Allen, et al. v. Krucial Staffing, LLC, et al.*, Case No. 20-cv-2859 (the "Underlying Suit"), naming Krucial and Cleary as defendants. **Exhibit B**, Second Am. Compl.; **Exhibit E**, Defendants' Answer to Compl. for Dec. J. (Doc. #13), ¶ 13.

4

15. The operative Second Amended Complaint in the Underlying Suit alleges Underlying Plaintiffs are healthcare workers who were deployed by Krucial to New York in response to the COVID-19 pandemic. **Exhibit B**, Second Am. Compl., ¶¶ 1–41.

16. The Second Amended Complaint in the Underlying Suit asserts nine causes of action: (1) breach of contract; (2) quasi contract – reliance on a promise; (3) statutory retaliation claim under New York Labor Law § 741; (4) breach of contract implied-in-law; (5) fraud; (6) conversion; (7) defamation; (8) intentional tort causing mental and physical pain and suffering; and (9) wage theft. **Exhibit B**, Second Am. Compl., ¶¶ 259–334.

17. The "First Cause of Action" in the Underlying Suit is for breach of contract and alleges Krucial and Cleary breached an employment contract with Underlying Plaintiffs. **Exhibit B**, Second Am. Compl., ¶¶ 259–64.

18. The "First Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged breach of contract, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 259–64.

19. The "Second Cause of Action" in the Underlying Suit is a "quasi contract" claim, is pleaded "[i]n the contingency that a classic breach-of-contract claim is insufficient," and alleges Underlying Plaintiffs relied on promises offered by Krucial related to their employment that Krucial "did not live up to." **Exhibit B**, Second Am. Compl., ¶¶ 265–68.

20. The "Second Cause of Action" in the Underlying Suit neither alleges bodily injury on the "quasi contract" claim, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 265–68.

21. The "Third Cause of Action" in the Underlying Suit is a statutory retaliation claim under New York Labor Law § 741 and alleges Krucial took retaliatory employment actions against Underlying Plaintiffs. **Exhibit B**, Second Am. Compl., ¶¶ 269–81.

22. The "Third Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged retaliatory actions, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 269–81.

23. The "Fourth Cause of Action" in the Underlying Suit is for breach of contract implied-in-law and alleges Underlying Plaintiffs were terminated or required to resign because they refused to violate professional standards of care. **Exhibit B**, Second Am. Compl., ¶¶ 282–292.

24. The "Fourth Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged breach of contract implied-in-law, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 282–92.

25. The "Fifth Cause of Action" in the Underlying Suit is for fraud and alleges Krucial and Cleary misrepresented conditions relating to Underlying Plaintiffs' employment. **Exhibit B**, Second Am. Compl., ¶¶ 293–305.

26. The "Fifth Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged fraud, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 293–305.

27. The "Sixth Cause of Action" in the Underlying Suit is for conversion and alleges Krucial, under the direction of Cleary, stole four scanners from Underlying Plaintiff Brian Burr. **Exhibit B**, Second Am. Compl., ¶¶ 306–08.

28. The "Sixth Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged conversion, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 306–08.

29. The "Seventh Cause of Action" in the Underlying Suit is for defamation, alleges Cleary referred to Underlying Plaintiff Brian Burr as a "scammer" in a "blast email," and alleges Underlying Plaintiff Jalen Eaton was "similarly excoriated in a blast email for refusing to do his job as ordered." **Exhibit B**, Second Am. Compl., ¶¶ 309–16.

30. The "Seventh Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged defamation, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 309–16.

31. "Count Eight" in the Underlying Suit is for intentional tort causing mental and physical pain and suffering and alleges that Krucial intentionally caused such injuries to employees by not providing personal protective equipment. **Exhibit B**, Second Am. Compl., ¶¶ 317–28.

32. "Count Eight" in the Underlying Suit alleges, "Krucial's intentional acts were extreme and the facts demonstrate that evil acts in derogation of the plaintiffs who contracted COVID were spun into action by Krucial." **Exhibit B**, Second Am. Compl., ¶ 328.

33. "Count Eight" in the Underlying Suit does not seek workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 317–28.

34. The "Ninth Cause of Action" in the Underlying Suit is for wage theft and alleges certain Underlying Plaintiffs were unlawfully refused quarantine pay from Krucial. **Exhibit B**, Second Am. Compl., ¶¶ 329–34.

35. The "Ninth Cause of Action" in the Underlying Suit neither alleges bodily injury from the alleged wage theft, nor seeks workers compensation benefits. **Exhibit B**, Second Am. Compl., ¶¶ 329–34.

36. Krucial has insurance coverage for its work in New York that is the subject of the Underlying Suit through an insurance policy with Federal Insurance Company with a policy number of 8259-6953 and a policy period of June 1, 2019, to June 1, 2020 (the "Federal Policy"). **Exhibit C**, Krucial's First Am. Compl., ¶¶ 23–40; **Exhibit D**, Federal Policy.

37. Krucial's Federal Policy states: "This Policy shall apply anywhere in the world." **Exhibit D**, Federal Policy, p. 15.

## II. LEGAL STANDARD

"Summary judgment is appropriate when the movant can demonstrate that there is no genuine issue of material fact and [it] is entitled to judgment as a matter of law." *Gov't Emps. Ins. Co. v. Andujar*, 773 F. Supp. 282, 283 (D. Kan. 1991). "To defeat a motion for summary judgment, the nonmoving party must show specific evidence that creates a genuine issue as to a material fact." *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1249 (10th Cir. 2001). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Id.* [internal quotations omitted]. Because the interpretation of an insurance policy is a question of law, summary judgment is especially appropriate to resolve issues of insurance coverage. *See Andujar*, 773 F. Supp. at 283.

Under Kansas law,[1] the "interpretation of an insurance policy is a question of law, and a policy's terms are given their plain and ordinary meaning unless the parties have expressed a contrary meaning." *Schlup v. Depositors Ins. Co.*, 426 F. Supp. 3d 831, 834 (D. Kan. 2019). A policy's "unambiguous clauses must be given their literal meaning." *Rockgate Mgmt. Co. v. CGU Ins., Inc.*, 88 P.3d 798, 803 (Kan. App. 2004). "The insured has the burden to prove coverage under the policy, and the insurer has the duty to show that a specific provision of the policy excludes coverage." *Schlup*, 426 F. Supp. 3d at 834. "Where it can be determined from the factual allegations [of an underlying complaint] that there is no basis for recovery within the coverage of the policy," a court will sustain the insurer's denial of a defense. *Rockgate*, 88 P.3d at 803. Put differently, "[i]f it is determined here that there is no coverage, then there is no duty to defend. . . . Similarly there is no duty to indemnify under the policy if there is no coverage." *Cas. Reciprocal Exch. v. Thomas*, 647 P.2d 1361, 1363 (Kan. App. 1982).

### III.    ARGUMENT

NLF's Count I seeks a declaration that NLF does not have a duty to defend or indemnify Krucial or Cleary under the NLF Policy with respect to the claims against Krucial and Cleary in the Underlying Suit. NLF is entitled to summary judgment on its Count I because, given the uncontroverted material facts and applicable law, there is no coverage under the NLF Policy for any of the claims against Krucial and Cleary in the Underlying Suit.

The NLF Policy includes two types of insurance: workers compensation insurance and employers liability insurance. There is no coverage under the NLF Policy, under either the workers

---

[1] "A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.,* 343 F. Supp. 2d 989, 1006 (D. Kan. 2004). "Kansas follows the rule of 'lex loci contractus,' meaning the law of the place where the contract was made governs interpretation of the contract." *Id.* at 1007. Here, the NLF Policy was issued to Krucial in Overland Park, Kansas. Statement of Uncontroverted Fact ("SUMF"), ¶ 1. Thus, Kansas law governs interpretation of the NLF Policy. *See Lone Star*, 343 F. Supp. 2d at 1007 (holding Kansas law applied to interpretation of insurance policy because it was issued to insured in Wichita, Kansas).

compensation insurance or employers liability insurance, for any of the claims in the Underlying Suit against Cleary because only Krucial, not Cleary, is an insured under the NLF Policy.  Further, there is no coverage under the workers compensation insurance of the NLF Policy for either Krucial or Cleary because none of the claims in the Underlying Suit seek workers compensation benefits.  There is also no coverage under the employers liability insurance of the NLF Policy for either Krucial or Cleary for several separate and independent reasons: (1) the employers liability insurance does not apply to Krucial's work in New York; (2) the employers liability insurance excludes coverage for claims arising out of personnel acts; (3) the employers liability insurance applies only to bodily injury and excludes bodily injury that is intentionally caused; and (4) the employers liability insurance does not provide coverage for claims by injured employees against their employer.  Each of these reasons for non-coverage is addressed in turn.

### A.  There is no coverage under the NLF Policy for any claims against Cleary.

Section B ("Who is Insured") of the General Section of the NLF Policy provides: "You are insured if you are an employer named in Item 1 of the Information Page.  If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees." Statement of Uncontroverted Material Facts ("SUMF"), ¶ 2.  Krucial is the only employer named as an insured in the NLF Policy; Cleary is not a named insured, and Krucial is not a partnership. *Id.* at ¶ 3.  Because the NLF Policy provides that only an employer named as an insured is an insured under the NLF Policy unless the employer is a partnership (which Krucial is not), Cleary is not an insured and the NLF Policy does not provide any coverage for Cleary—under either the workers compensation insurance or employers

10

liability insurance. NLF, therefore, has no duty to defend or indemnify with respect to any of the claims against Cleary in the Underlying Suit.[2] *See Cas. Reciprocal*, 647 P.2d at 1363.

### B. There is no coverage under the NLF Policy's workers compensation insurance.

Part One of the NLF Policy provides workers compensation insurance and states that NLF "will pay promptly when due the benefits required of [Krucial] by the workers compensation law" and that NLF has "the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance." SUMF, ¶ 4. Section C of Part One of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance." *Id.* at ¶ 5.

None of the causes of action in the Underlying Suit seek workers compensation benefits. *Id.* at ¶¶ 14-35. Consequently, there is no coverage for any of the claims in the Underlying Suit— and NLF has no duty to defend or indemnify—under the NLF Policy's workers compensation insurance. *See Cas. Reciprocal*, 647 P.2d at 1363.

### C. There is no coverage under the NLF Policy's employers liability insurance.

Part Two of the NLF Policy provides employers liability insurance that "applies to bodily injury by accident or bodily injury by disease." SUMF, ¶ 6. Section D ("We Will Defend") of Part Two of the NLF Policy provides that NLF has "no duty to defend a claim, proceeding or suit that is not covered by this insurance." *Id.* at ¶ 12. For several reasons, there is no coverage for any of the claims in the Underlying Suit—and NLF has no duty to defend or indemnify—under the NLF Policy's employers liability insurance. *See Cas. Reciprocal*, 647 P.2d at 1363.

---

[2] Even if Cleary could somehow be considered an insured under the NLF Policy, the other reasons for non-coverage discussed herein apply to both Cleary and Krucial.

### 1. The NLF Policy's employers liability insurance does not apply to Krucial's work in New York.

The NLF Policy's employers liability insurance provides that the "bodily injury must arise out of and in the course of the injured employee's employment" by Krucial and such employment "must be necessary or incidental to [Krucial's] work" in Kansas or Texas. SUMF, ¶ 7. The claims in the Underlying Suit are based on Krucial's work in New York, not Kansas or Texas. *Id.* at ¶¶ 14-35. Granted, Part Three of the NLF Policy extends the provisions of the employers liability insurance to Krucial's work in other states, including New York, but only if Krucial is "not insured or [is] not self-insured for such work." *Id.* at ¶ 13. In other words, if Krucial has separate insurance for its work in New York, the NLF Policy's employers liability insurance is not extended to Krucial's work in New York and thus would not provide coverage for the claims in the Underlying Suit. Krucial has the burden to show coverage extends to its work in New York. *See Schlup*, 426 F. Supp. 3d at 834.

Krucial cannot carry its burden because Krucial is indeed insured for its work in New York through a separate insurance policy with Federal Insurance Company with a policy number of 8259-6953 and a policy period of June 1, 2019, to June 1, 2020. SUMF, ¶ 36. Krucial's separate Federal Policy states: "This Policy shall apply anywhere in the world." *Id.* at ¶ 37. In fact, Krucial admits the existence of this separate insurance for Krucial's work in New York—the very basis of a separate lawsuit that Krucial has filed against Federal Insurance Company.[3] *See* **Exhibit C**, Krucial's First Amended Complaint, ¶¶ 23–40. Because Krucial has this separate insurance for its work in New York, the NLF Policy's employers liability insurance is not extended to Krucial's

---

[3] Note that, per the plain terms of the NLF Policy, the question is only whether Krucial has separate insurance for its work in New York, not whether that separate insurance ultimately provides coverage for the specific claims in the Underlying Suit that were made based on Krucial's work in New York. Thus, this Court need not resolve whether Krucial's Federal Policy actually covers the claims in the Underlying Suit. The mere fact that the Federal Policy insures Krucial's work "anywhere in the world," including New York, is all that matters.

work in New York and thus does not provide coverage for the claims in the Underlying Suit, all of which are New York-based. For this reason alone, NLF has no duty to defend or indemnify under the NLF Policy's employers liability insurance with respect to any of the claims in the Underlying Suit. *See Cas. Reciprocal*, 647 P.2d at 1363.

### 2. The NLF Policy's employers liability insurance excludes coverage for claims arising out of personnel acts.

Section C ("Exclusions") of the NLF Policy's employers liability insurance provides: "This insurance does not cover . . . Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions." SUMF, ¶ 11. This type of exclusion applies broadly under Kansas law. *LDF Food Grp., Inc. v. Liberty Mut. Fire Ins. Co.*, 146 P.3d 1088, 1095 (Kan. App. 2006) (holding strip search of employee was a "personnel act" falling under exclusion). A "personnel act" is an employment-related act. *Id.*

Each of the claims in the Underlying Suit falls under this exclusion. The first claim in the Underlying Suit is that Krucial and Cleary breached an employment contract. SUMF, ¶¶ 17-18. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The second claim in the Underlying Suit is that Krucial breached a quasi-contract in connection with employment-related promises. SUMF, ¶¶ 19-20. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The third claim in the Underlying Suit is that Krucial took retaliatory employment actions. SUMF, ¶¶ 19-20. That is a claim arising from a "personnel act," as well as "discipline" against an employee, and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The fourth claim in the Underlying Suit is for breach of contract implied-in-law and is based on the termination or forced resignation of Underlying Plaintiffs. SUMF, ¶¶ 23-24. That is a claim

13

arising from a "personnel act," as well as "termination" of an employee or "discipline" against an employee, and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095.

The fifth claim in the Underlying Suit is that Krucial and Cleary fraudulently misrepresented conditions of employment. SUMF, ¶¶ 25-26. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The sixth claim in the Underlying Suit is that Krucial, under the direction of Cleary, stole property from an employee that was used in the course of employment. SUMF, ¶¶ 27-28. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The seventh claim in the Underlying Suit is for defamation of employees. SUMF, ¶¶ 29-30. Claims arising from "defamation" against an employee are expressly excluded under the NLF Policy. *Id.* at ¶ 11. The eighth claim in the Underlying Suit is that Krucial intentionally caused mental and physical injury to its employees by not providing personal protective equipment. *Id.* at ¶¶ 31-32. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095. The ninth and final claim in the Underlying Suit is that Krucial unlawfully refused quarantine pay to employees. SUMF, ¶¶ 33-34. That is a claim arising from a "personnel act" and thus excluded under the NLF Policy. *See LDF Food*, 146 P.3d at 1095.

Accordingly, coverage is excluded under the NLF Policy's employers liability insurance for all of the claims in the Underlying Suit as such claims arise from "personnel acts" (and, for certain claims, other acts enumerated in this exclusion). For this additional reason, NLF has no duty to defend or indemnify under the NLF Policy's employers liability insurance with respect to any of the claims in the Underlying Suit. *See Cas. Reciprocal*, 647 P.2d at 1363.

### 3. The NLF Policy's employers liability insurance applies only to bodily injury and excludes coverage for bodily injury intentionally caused.

The NLF Policy's employers liability insurance applies only to bodily injury. SUMF, ¶¶ 6-8. Eight of the nine claims in the Underlying Suit—the first, second, third, fourth, fifth, sixth, seventh, and ninth claims—are not bodily-injury claims. *Id.* at ¶¶ 14-35. Because these are not bodily-injury claims, there is no coverage for these eight claims and NLF has no duty to defend or indemnify under the NLF Policy's employers liability insurance with respect to these eight claims in the Underlying Suit. *See Cas. Reciprocal*, 647 P.2d at 1363.

The eighth claim, for intentional tort causing mental and physical pain and suffering, is the only claim in the Underlying Suit that potentially seeks damages for bodily injury. SUMF, ¶¶ 32-33. However, Section C ("Exclusions") of the NLF Policy's employers liability insurance provides: "This insurance does not cover . . . Bodily injury intentionally caused or aggravated by [Krucial]." *Id.* at ¶ 10. The eighth claim in the Underlying Suit alleges the injuries at issue were intentionally caused by Krucial's failure to provide personal protective equipment. *Id.* at ¶ 31. Specifically, the eighth claim alleges: "Krucial's intentional acts were extreme and the facts demonstrate that evil acts in derogation of the plaintiffs who contracted COVID were spun into action by Krucial." *Id.* at ¶ 32. This is an unmistakable allegation of intentional injury. *See Spivey v. Safeco Ins. Co.*, 865 P.2d 182, 188 (Kan. 1993) ("Where an intentional act results in injuries which are a natural and probable result of the act, the injuries are intentional."). Further, the eighth claim specifically alleges the injuries were intentionally caused by Krucial so as to avoid the claim being barred by New York's workers compensation law. *See* **Exhibit B**, Second Amended Complaint, ¶¶ 325–27. Any non-intentional injury would not accomplish this goal. *See Oben v. Charmer Indus., Inc.*, 37 A.D. 3d 791, 791 (N.Y. App. Div. 2007). Unquestionably, then, coverage

15

for the eighth claim in the Underlying Suit is excluded under the NLF Policy as one for intentionally-caused bodily injury.

In sum, eight of the nine claims in the Underlying Suit do not involve bodily injury and thus do not invoke the NLF Policy's coverage. The only claim that potentially involves bodily injury is expressly and necessarily premised on injuries that were intentionally caused by Krucial, and thus excluded from the NLF Policy's coverage. For these additional reasons, NLF has no duty to defend or indemnify under the NLF Policy's employers liability insurance with respect to any of the claims in the Underlying Suit. *See Cas. Reciprocal*, 647 P.2d at 1363.

### 4. The NLF Policy's employers liability insurance does not provide coverage for claims by injured employees against their employer.

The NLF Policy's employers liability insurance provides coverage only for certain types of claims based on bodily injury to an employee. Those claims are: (1) claims brought by third parties against the employer to recover damages claimed against the third party as a result of bodily injury to an employee; (2) derivative claims for care and loss of services stemming from bodily injury to an employee; (3) claims for consequential bodily injury to an injured employee's family member; and (4) claims for an employee's bodily injury, but only if asserted against the employer in a capacity other than as the employee's employer. SUMF, ¶ 9. Noticeably absent from this list are claims for an employee's bodily injury against the employer in its capacity as the employee's employer. *See id.* But that is the only type of bodily injury claim asserted in the Underlying Suit.

The eighth claim in the Underlying Suit, the only claim potentially involving bodily injury, is necessarily a claim brought by Underlying Plaintiffs against Krucial in its capacity as their employer. *See* **Exhibit B**, Second Amended Complaint, ¶ 327. Indeed, New York law, under which the claims in the Underlying Suit are made, would not allow Underlying Plaintiffs to assert a claim against Krucial in any other capacity. *See Sormani v. Orange Cty. Cmty. College*, 240

A.D. 2d 724, 724 (N.Y. App. Div. 1997) (noting "this State does not recognize the 'dual-capacity doctrine' which would hold an employer liable based upon obligations independent of those imposed as an employer"). Thus, this eighth claim is not the type of claim based on bodily injury to an employee that falls under the coverage of the NLF Policy. For this additional reason, NLF has no duty to defend or indemnify under the NLF Policy's employers liability insurance with respect to any of the claims in the Underlying Suit. *See Cas. Reciprocal*, 647 P.2d at 1363.

## IV.    CONCLUSION

For the foregoing reasons, NLF respectfully requests this Court grant its Motion for Summary Judgment on its Count I and enter judgment declaring that NLF does not have a duty to defend or indemnify Krucial or Cleary under the NLF Policy with respect to the claims against Krucial and Cleary in the Underlying Suit.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Douglas S. Beck*
Douglas S. Beck, #70743
W. Clark Richardson, #27740
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
dbeck@shb.com
wrichardson@shb.com

*Attorneys for Plaintiff/Counter-Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Douglas S. Beck*
*Attorneys for Plaintiff/Counter-Defendant*
